UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE OF FLORIDA,

Plaintiff,

v. Case No: 8:26-cv-2200-JLB-SPF

LARRY GREEN, et al.,

Defendants.
_____________________________________/

**ORDER**

This cause comes before the Court *sua sponte*.[1] On July 30, 2026, Defendant Larry Green initiated this case by filing a "Notice for Removal to USDC for Cause" (Doc. 1). Through this removal, Mr. Green apparently seeks review of Florida state court orders entered in his state-court dissolution of marriage proceedings. (Doc. 1-1 at 5); *see also Green v. Green*, 12-DR-012945 (Hillsborough Cnty. Ct. July 30, 2026). Specifically, Mr. Green requests that the court "dismiss child support and redeem securities based on case law . . . ." (Doc. 1-1 at 5). Because federal courts lack subject matter jurisdiction to review state court orders of this kind, Mr. Green's removal of his case to federal court was improper. *See Efron v. Candelario*, 110 F.4th 1229, 1235 (11th Cir. 2024) (explaining in a family law case that federal courts lack jurisdiction to decide cases "brought by state-court losers complaining of

[1] "Federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004).

injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." (quotation omitted)). Mr. Green is required to proceed in state court.

Consequently, the Court must remand this case to Florida state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) ("The district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time.") (citing 28 U.S.C. § 1447(c)).

Accordingly, it is **ORDERED** that:

1. This case is **REMANDED** to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.
2. The Clerk of Court is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.
3. The Clerk of Court is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the file.

**ORDERED** in Tampa, Florida, on September 25, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE